UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL L. JONES,

    Petitioner,               CIVIL ACTION NO. 06-CV-15286

    vs.                           DISTRICT JUDGE GEORGE CARAM STEEH
                               MAGISTRATE JUDGE DONALD A. SCHEER

BLAINE LAFLER,

    Respondent.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: The instant Petition for Writ of Habeas Corpus should be dismissed, as Petitioner has shown no violations of his federal constitutional rights.

\*   \*   \*

Petitioner, Michael Jones, a Michigan prisoner[1] convicted of armed robbery, kidnaping, first and second degree criminal sexual conduct, carrying a concealed weapon, and using a financial device without consent, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, on November 30, 2006, challenging the validity of his underlying state convictions. Following a jury trial, Petitioner was convicted in the Oakland County Circuit Court of armed robbery, kidnaping, four counts of first degree criminal sexual conduct (CSC-I), one count of second degree criminal sexual conduct (CSC-II), carrying a concealed weapon, and using a financial device without consent. The court sentenced him to concurrent terms of fifty to seventy-five years' for armed robbery, kidnaping and

---

[1] Petitioner is currently incarcerated at the Newberry Correctional Facility, 3001 Newberry, Newberry, Michigan 49868.

CSC-I and ten to fifteen years' each for CSC-II, carrying a concealed weapon and unauthorized use of a financial transaction device.

Petitioner filed an appeal as of right in the Michigan Court of Appeals and, in an unpublished per curiam opinion dated February 14, 2006, the court affirmed the convictions. (Docket #253146). Thereafter, Petitioner filed an application for leave to appeal with the Michigan Supreme Court. On July 31, 2006, the court denied leave to appeal in a standard order (Docket #130661).

Petitioner then filed the instant Petition for Writ of Habeas Corpus challenging the competency of his trial counsel. Respondent filed an Answer to the Petition on June 8, 2007, contending that Petitioner's claim is without merit. No reply to Respondent's Answer has been filed to date. The case was referred to the undersigned on May 9, 2008.

STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), effective April 24, 1996, significantly changed the manner in which federal courts review habeas petitions. See 28 U.S.C. § 2254. Pursuant to the amended provisions of § 2254(d), a writ of habeas corpus may not be granted unless the state court proceedings:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

In reviewing the petition to determine, pursuant to subsection (2), whether the decision was based on an unreasonable determination of facts, we presume correct the factual findings made by the state court, § 2254(e)(1), and the petitioner may rebut the presumption of correctness only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-361 (6th Cir. 1998).

The Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000), set forth the standard of review that a federal habeas court must apply under § 2254(d) with respect to the effect of federal law. The Court held that a decision of the state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Id. at 412. The Court further held that an "unreasonable application" occurs when "the state court identifies the correct legal principle from this Court's decision but unreasonably applies that principle to the facts of the prisoner's case." Id. at 408. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner challenges the competency of his trial attorney. He lists numerous instances of allegedly erroneous conduct by his trial counsel. Petitioner argues that defense counsel's failure to prepare pretrial motions, file jury instructions, give an opening statement, make an adequate closing argument and cross-examine all witnesses rendered his assistance constitutionally ineffective. Petitioner also asserts that defense counsel was

ineffective for not making objections to the prosecutor's use of hearsay evidence, leading questions and cumulative identification testimony, and to his allegedly improper impeachment of Petitioner's alibi witness. Respondent counters that the overall performance of counsel was within the range of acceptable professional conduct demanded of lawyers practicing criminal law.

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has demonstrated the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial. Id.

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. Id. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. Id. at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. Id. at 690.

To satisfy the prejudice prong under Strickland, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. Id. In Lockhart v. Fretwell, 506 U.S.

364, 369-70 (1993), the Supreme Court observed that "an analysis focusing solely on outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable is defective." The Sixth Circuit has thus concluded that a reviewing court should focus on whether counsel's alleged errors "have undermined the reliability of and confidence in the result." McQueen v. Scroggy, 99 F.3d 1302, 1311 (6th Cir. 1996), cert. denied 520 U.S. 1257 (1997). "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Id. at 1311-1312 (quoting Strickland, 466 U.S. at 686).

Even assuming, without deciding, that the first part of the Strickland test was met, and trial counsel's performance was deficient, Petitioner cannot establish that the deficient performance prejudiced the defense. Petitioner has not shown that "but for counsel's error, the result of the proceeding would have been different." Id. at 694.

As pointed out by the Michigan Court of Appeals when disposing of the identical issue, there was overwhelming evidence of Petitioner's guilt. The victim of the sexual assault identified Petitioner as the perpetrator from a photo array a day after the attack. At trial, she repeatedly identified Petitioner as the perpetrator. She gave detailed testimony of exactly what happened on the night of the incident. The victim testified that Petitioner forced her from her vehicle at knife point and placed her into a white van before handcuffing her. As she lay on her stomach on the floor of the van, Petitioner told her that he had been watching her for several days. The victim was also told by Petitioner that he would kill her and members of her family if she went to the police. Petitioner then sexually assaulted the victim multiple times while she was inside the van. According to the victim,

Petitioner then drove to a motel, rented a room, and forced her to remove her clothing. After raping the her, Petitioner again warned the victim of the consequences of alerting the police.

During trial, the prosecution was able to corroborate the victim's testimony though independent witnesses, as well as by the physical evidence found at the crime scenes. The retail clerk at the store where the victim was reportedly abducted stated that she saw the victim inside the store around the time of the incident. The motel clerk was able to identify the Petitioner and his van because she wrote his driver's license on the back of the registration card. A bank representative testified that the victim's ATM card was used to make two withdrawals totaling a thousand dollars from her bank account on the night in question and the following morning. Moreover, the victim's DNA was found inside Petitioner's van. Fingerprints found on a cup in the motel room matched those of the victim, and Petitioner's fingerprint was found on a magazine his van. The prosecution also presented testimony from a jail house snitch, who indicated that Petitioner admitted to committing the charged crimes (See Michigan Court of Appeals opinion, attached as an exhibit to habeas petition).

Prejudice requires a showing that there exists a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. at 694. The prosecution presented overwhelming evidence that Petitioner committed armed robbery and kidnaping, carried a concealed weapon, sexually assaulted the victim and used a financial device without consent.

Petitioner has failed to identify a defense or evidence that trial counsel failed to present that may have countered the prosecution's case against him. The State court's

decision was not an unreasonable application of Strickland.  As he has failed to establish that he was prejudiced to the point of being wrongly convicted, Petitioner's claim of ineffective assistance of counsel is without merit and should be dismissed.

For all of the above reasons, the undersigned is persuaded that there is no substantial showing of any violation of Petitioner's constitutional rights, and no basis under the highly deferential standard of the new AEDPA to find any unreasonable application of clearly established federal law by the state trial courts in this case. Accordingly, it is recommended that the Petition for Writ of Habeas Corpus be dismissed.

The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Steeh's acceptance thereof is waived.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

___

### CERTIFICATE OF SERVICE

I hereby certify on August 8, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 8, 2008. **Michael Jones.**

s/Michael E. Lang<br>
Deputy Clerk to<br>
Magistrate Judge Donald A. Scheer<br>
(313) 234-5217