UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL L. JONES,

    Petitioner,

    v.

CASE NO. 06-CV-15286

HON. GEORGE CARAM STEEH

BLAINE LAFLER,

    Respondent.

_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, (#15) AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Michael L. Jones, a prisoner currently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, was convicted of armed robbery, kidnaping, four counts of first degree criminal sexual conduct, one count of second degree criminal sexual conduct, carrying a concealed weapon, and using a financial device without consent. On November 30, 2006, petitioner filed this pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the competency of his trial counsel. Respondent filed an answer to the petition, and no reply was filed. On August 8, 2008, the Magistrate Judge filed a report and recommendation. Petitioner filed his objection on September 17, 2008, after having received an extension to the filing deadline from this court. For the reasons set forth below, the court finds that petitioner's objections lack merit and therefore adopts the Report and Recommendation of the magistrate in its entirety and denies petitioner's writ of habeas corpus.

The magistrate judge set forth the proper test for determining whether a habeas

petitioner has demonstrated the ineffective assistance of counsel. Under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), a petitioner must prove that (1) counsel's performance was so deficient that he or she was not functioning as the counsel guaranteed by the Sixth Amendment, and (2) the deficient performance prejudiced the defense and deprived the petitioner of a fair trial. <u>Id</u>. at 687.

In his application, petitioner points out opportunities his counsel had to impeach various witnesses. For example, petitioner contends that the victim gave several different stories that are documented in the police report, but his counsel did not bring this to the jury's attention. Also, the motel clerk was able to identify petitioner at trial, but was not able to pick petitioner out of the police photo array. Again, counsel did not point this out to the jury. Prejudice requires a showing that there exists a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. <u>Id</u>. at 694. The evidence against petitioner at trial was overwhelming, and the opportunities for impeachment identified by petitioner fail to counter the prosecution's case against him. Petitioner has failed to establish that he was prejudiced to the point of being wrongly convicted.

For the reasons stated above, the court hereby ACCEPTS and ADOPTS the Magistrate's report and recommendation as its findings and conclusions in this matter. Petitioner's application for writ of habeas corpus is DENIED.

In the event that petitioner appeals this order, he must obtain a certificate of appealability. The Court may issue a certificate of appealability if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This Court finds that petitioner has not made a substantial showing of the

denial of a federal right. Therefore, the Court hereby finds that a certificate of appealability is not warranted.

SO ORDERED.

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: December 16, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on December 16, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Secretary/Deputy Clerk